MACKEY v. TABOR.

JURISDICTION OF SUPREME COURT.

Action by a man of African descent against the defendant as owner of an opera house for damages for a wrongful expulsion therefrom because of plaintiff's race and color. The defendant did not deny these allegations or attempt to justify the acts complained of, but rested his defense solely upon a denial of any connection with or responsibility for the wrongful act. A nonsuit was granted for a failure of the evidence to show that defendant had authorized, or was in any way responsible for, the acts of the person who removed the plaintiff from the house. *Held*, that a construction of a provision of the constitution of the state or of the United States is not necessary to a determination of the case, and that the court is without jurisdiction to review the judgment on that ground.

*Error to the District Court of Arapahoe County.*

Mr. J. WARNER MILLS, for plaintiff in error.

Mr. I. N. STEVENS, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

This is an action brought by James Mackey against H. A. W. Tabor to recover damages for wrongfully expelling him from the Tabor Grand Opera House. As a cause of action he alleges substantially that defendant, at the time of the grievance complained of, was the owner and in the occupancy of the Tabor Grand Opera House, in the city of Denver; that a club, or organization, called "The Denver Single Tax Association," engaged the opera house for the evening of January 26, 1890, for the purpose of a lecture by the Rev. Father McGlynn, upon the subject of "Anti-Poverty," and agreed to pay therefor the sum of $100. That in consideration of that sum defendant agreed that the house should be at the absolute disposal of the association for that evening, except that the internal conduct thereof should remain under the exclusive control of the ushers, doorkeeper and ticket agents in the employ and service of defendant. That plaintiff, an officer in the association, purchased tickets of admission for himself and a friend which entitled them to seats upon the lower floor. While he and his friend were rightfully occupying such seats a person then and there in charge of the internal affairs of the opera house commanded them to vacate their seats and exchange the tickets they then held for tickets calling for seats on the floor or balcony above. Upon his refusal to comply with this demand, this person ordered a policeman in attendance to put them out, and thereupon the police officer assumed to, and did, arrest and forcibly eject the plaintiff and his guest from the opera house.

The defendant denies that he or his agents had any charge or control whatsoever of the internal affairs or management of said opera house on the night in question; or that he or his manager, agents or servants, in the scope of their employment, or acting under his order or direction, ejected or caused the plaintiff to be ejected therefrom.

The trial of the cause was proceeded with before a jury, and upon the close of plaintiff's evidence, the court sustained

a motion for nonsuit, and dismissed the plaintiff's action upon the ground that the evidence was not sufficient to show any liability on the part of defendant, and that the plaintiff's grievance was not against him, but against the persons who removed him. To reverse this judgment Mackey brings the case here on error.

The record fails to disclose any ground upon which the jurisdiction of this court can be invoked. Section 1 of the act creating the court of appeals enacts that:

"No writ of error from, or appeal to, the supreme court shall lie to review the final judgment of any inferior court, unless the judgment, or, in replevin, the value found exceeds two thousand five hundred dollars, exclusive of costs. *Provided*, This limitation shall not apply where the matter in controversy relates to a franchise or freehold, nor where the construction of a provision of the constitution of the state or of the United States is necessary to the determination of a case."

Plaintiff in error contends that a construction of the 13th and 14th amendments to the constitution of the United States, and section 3, article 2 of our bill of rights is necessary to a determination of the case; and in support of this contention it is urged that because the plaintiff is a colored man, and for this reason was subjected to the indignity and outrage complained of, that his constitutional rights as an American citizen are involved in the controversy. But this claim is, we think, unwarranted. The complaint, as originally filed, contained certain allegations to the effect that plaintiff was discriminated against on account of a certain rule established by defendant, that excluded persons of African descent from occupying seats in that portion of the opera house. On motion these allegations were stricken out. This action of the court is assigned as error prejudicial to plaintiff, in this, that he was thereby prevented from proving the animus, or motive, that prompted the commission of the wrong, and thus debarred from showing a violation of his civil rights under the foregoing constitutional provision.

After these allegations were eliminated, the complaint still contained the following averments:

"That this plaintiff is of African descent and belongs to that class usually called 'colored people,' and on the date last aforesaid, to wit: Sunday evening, January 26th, A. D. 1890, * * * repaired to the said opera house in company with an invited guest of his own race. * * * And plaintiff alleges that the said arrest and ejectment so as aforesaid made, were made alone by the said policeman in full uniform and in the presence of hundreds of spectators, and was deliberately and maliciously and unlawfully done, solely on account of the race and color of this plaintiff and his guest and for no other reason or cause."

And since the answer of defendant does not deny these allegations, nor attempt to justify the acts complained of by reason of any rule established by him, but rests the defense solely upon a denial of any connection with, or responsibility for, the wrongful and illegal conduct of the persons who actually perpetrated the outrage, it is clear that plaintiff's civil or constitutional rights are not involved in the consideration of the case. In other words, under the issues upon which this case was tried, his right, as an American citizen, to occupy the seats is in no way questioned or denied. The motion for nonsuit was sustained solely upon the ground that the evidence submitted failed to show that the defendant authorized, or was in any way responsible for, the actions of the persons who arrested and removed plaintiff from the opera house. It is apparent, therefore, that this court has no jurisdiction to review the judgment, and the writ of error is for this reason dismissed.

*Dismissed.*